IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ABN AMRO CAPITAL USA LLC, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>JOHNSON, et al.,<br><br>*Defendants.* | Case No. 2:18-cv-00246-SDW-CLW<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. Cathy L. Waldor, U.S.M.J.<br><br>Return Date: May 20, 2019<br><br>**ORAL ARGUMENT REQUESTED** |

**NON-PARTIES AMERRA CAPITAL MANAGEMENT, LLC; AMERRA LATIN AMERICA FINANCE, LLC; AMERRA AGRI ADVANTAGE FUND, LP; AMERRA AGRI OPPORTUNITY FUND, LP; AMERRA AGRI OFFSHORE MASTER FUND II, L.P., AMERRA MULTI STRATEGY FUND, L.P.; AMERRA AGRI FUND II, LP; AND NANCY OBLER'S REPLY IN FURTHER SUPPORT OF THEIR <u>MOTION TO INTERVENE AND FOR A PROTECTIVE ORDER</u>**

SELENDY & GAY, PLLC

1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
(*pro hac vice* pending)

COUGHLIN DUFFY, LLP

350 Mount Kemble Avenue
P.O. Box 1917
Morristown, NJ 07962
Telephone: 973-631-6002

*Attorneys for Non-Parties AMERRA Capital Management, LLC; AMERRA Latin America Finance, LLC; AMERRA Agri Advantage Fund, LP; AMERRA Agri Advantage Fund, LP; AMERRA Agri Opportunity Fund, LP; AMERRA Agri Offshore Master Fund II, L.P.; AMERRA Multi Strategy Fund, LP; AMERRA Agri Fund II; and Nancy Obler*

# TABLE OF CONTENTS

**Pages**

PRELIMINARY STATEMENT ..................................................................1

ARGUMENT ...........................................................................................2

I.   AMERRA HAS ADEQUATELY SATISFIED THE THRESHOLD
     FOR INTERVENTION AS A MATTER OF RIGHT ..................................2

II.  AMERRA HAS ADEQUATELY SATISFIED THE THRESHOLD
     FOR PERMISSIVE INTERVENTION ........................................................8

III. PLAINTIFFS' ARGUMENTS CONCERNING AMERRA'S
     PURPORTED PROCEDURAL DEFICIENCIES ARE
     UNAVAILING ............................................................................................10

IV.  THE ATTACKS ON AMERRA'S COUNSEL ARE MERITLESS ............14

CONCLUSION .........................................................................................15

## <u>TABLE OF AUTHORITIES</u>

<u>Pages</u>

### <u>Cases</u>

*Cipollone v. Liggett Grp.*,
 113 F.R.D. 86 (D.N.J. 1986) ................................................................. 3, 4, 9

*Cmty. Vocational Sch. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*,
 2017 WL 1376298 (W.D. Pa. Apr. 17, 2017) .............................................10

*Constand v. Castor*,
 2016 WL 5681454 (E.D. Pa. Oct. 3, 2016) ...................................................3

*Donaldson v. United States*,
 400 U.S. 517 (1971).......................................................................................8

*Harris v. Pernsley*,
 820 F.2d 592 (3d Cir.1987) ...........................................................................2

*Hudson Marine Mgmt. Servs. v. Thomas Miller (Miami) Inc.*,
 2006 U.S. Dist. LEXIS 47900 (D.N.J. July 16, 2006) .................................12

*In re Managed R.S. 2477 Road Cases Litig.*,
 2013 WL 12144076 (D. Utah Dec. 17, 2013) ...............................................9

*John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*,
 119 F.3d 1070 (3d Cir 1997) .......................................................................12

*Liberty Res., Inc. v. Phila. Hous. Auth.*,
 395 F. Supp. 2d 206 (E.D. Pa. 2005).............................................................4

*Linkous v. Am. Alt. Ins. Corp.*,
 2011 WL 4894233 (W.D. Va. Oct. 23, 2011) ...............................................9

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992).....................................................................................13

*Mountain Top Condo Ass'n v. Dave Stabber Master Builder, Inc.*,
 72 F.3d 361 (3d Cir. 1995) ........................................................................2, 8

*NLRB v. Frazier*,
 144 F.R.D. 650 (D.N.J. 1992) .......................................................................2

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3d Cir. 1994) .......................................................................8, 13

*Pennsylvania v. Thank Finance, Inc.*,
2016 WL 183289 (E.D. Pa. Jan. 14, 2016)......................................................7

*Pereira v. Foot Locker, Inc.*,
2009 WL 4673865 (E.D. Pa. Dec. 7, 2009) ...................................................11

*Perryman v. Litton Loan Servicing, LP*,
81 F. Supp. 3d 893 (N.D. Ca. 2015)................................................................3

*PPL Energyplus, LLC v. Solomon*,
2011 U.S. Dist. LEXIS 160124 (D.N.J. July 19, 2011) ................................10

*Sevier Cty., Utah v. United States*,
2013 WL 2643608 (D. Utah June 12, 2013) ...................................................9

*Town of Chester v. Laroe Estates, Inc.*,
137 S. Ct. 1645 (2017).......................................................................... 12, 13

*Trans Pac. Ins. Co. v. Trans-Pac. Ins. Co.*,
136 F.R.D 385 (E.D. Pa. 1991) ......................................................................3

*U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*,
239 F.R.D. 404 (W.D. Pa. 2006) ...................................................................11

## **Statutes**

Fed. R. Civ. P. 19 .......................................................................................6, 7

Fed. R. Civ. P. 24(a)................................................................................ 3, 4, 8

Fed. R. Civ. P. 24(b) ...............................................................................9, 10

Fed. R. Civ. P. 24(c)............................................................................... 10, 11

Non-parties AMERRA respectfully submit this reply memorandum of law in further support of their Motion to Intervene and for a Protective Order.[1]

## PRELIMINARY STATEMENT

Plaintiffs' 22-page opposition brief ("Opp'n") is glaring for what it does not say. Not once do Plaintiffs deny that they have maintained this Action for the sole purpose of seeking discovery against AMERRA in the New York Action, or that they have no prospect of any meaningful recovery from any defendant in this Action. Not once do Plaintiffs dispute the bedrock legal principle that a party may not pursue one action for the sole purpose of obtaining discovery for use in another proceeding. And not once do Plaintiffs address, much less distinguish, AMERRA's key cases. Instead, Plaintiffs have opted for deflection, reciting a litany of allegations, ***absent from their own Complaint***, about AMERRA, its counsel, and the supposedly "important part" that AMERRA played in Transmar's fraud. Opp'n at 11.

What's more, Plaintiffs have misunderstood—or worse, mischaracterized— key portions of AMERRA's Motion, accusing AMERRA of attempting to stop or delay depositions in this Action. That is plainly incorrect. AMERRA seeks a *limited* remedy—participation in the proposed depositions—to protect its interest in

---

[1]    All terms not defined herein have the meaning ascribed to them in AMERRA's opening brief. *See* Dkt. 139-1 (Apr. 18, 2019). All citations to "Ex. __" refer to exhibits attached to the Declaration of Timothy I. Duffy in Further Support of AMERRA's Motion, filed in conjunction with this memorandum of law.

maintaining a fair, efficient, and orderly discovery process.  That remedy is just and appropriate where, as here, Plaintiffs have tried on three separate occasions to obtain non-reciprocal discovery about AMERRA in order to gain an improper advantage over AMERRA in the New York Action.  For the reasons set forth below and in the Motion, AMERRA respectfully requests the Motion be granted.

## ARGUMENT

## I.   AMERRA HAS ADEQUATELY SATISFIED THE THRESHOLD FOR INTERVENTION AS A MATTER OF RIGHT

Plaintiffs cannot dispute that "Rule 24(a) is to be liberally construed in favor of intervention." *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992) (citations omitted).  AMERRA has satisfied its burden under the test for intervention as of right:  "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Mountain Top Condo Ass'n v. Dave Stabber Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.1987)) (internal quotation marks omitted).

*First*, as to the requirement that the intervenor must demonstrate "a sufficient interest in the litigation," Plaintiffs have misrepresented AMERRA's stated interest in this Action, suggesting variously that AMERRA thinks it may intervene by virtue of its status as a supposed "joint tortfeasor" or "co-conspirator" (Opp'n at 10–11);

2

or to "prevent bad testimony" since it "knows what it did" (*id.* at 1–2); or to "delay and disrupt deposition testimony that will implicate AMERRA" (*id.* at 11); or to police "procedural matters" in third-party litigation (*id.* at 13). But AMERRA has no intention of slowing or stopping discovery in this Action. Ultimately, whether Plaintiffs choose to expend resources against a largely judgment-proof set of Defendants is none of AMERRA's concern. But AMERRA has substantial interests in preventing depositions in this Action from being used as a backdoor method of obtaining discovery ***solely*** in furtherance of the New York Action.

The law is clear: although discovery obtained in one case may ordinarily be used in another case for a legitimate purpose, a party may ***not*** obtain discovery for the sole purpose of obtaining an advantage in the other proceeding. *Perryman v. Litton Loan Servicing, LP*, 81 F. Supp. 3d 893, 901 (N.D. Ca. 2015); *Trans Pac. Ins. Co. v. Trans-Pac. Ins. Co.*, 136 F.R.D 385, 391 (E.D. Pa. 1991); *Cipollone v. Liggett Grp.*, 113 F.R.D. 86, 91 (D.N.J. 1986). Plaintiffs have ignored and mischaracterized the cases standing for that proposition in an attempt to narrowly circumscribe the protections afforded by Rule 24. For example, Plaintiffs suggest that AMERRA's citation to *Constand v. Castor*, 2016 WL 5681454, at \*3 (E.D. Pa. Oct. 3, 2016), is inapposite, because "neither the facts nor the outcome … support [the] [M]otion." Opp'n at 12 (noting that case dealt with the proposed intervenor's "desire to enforce

3

a confidentiality agreement").[2]   But AMERRA cited *Constand* for the uncontroversial proposition that Rule 24(a) interests are not strictly limited to ones concerning liability.   Mot. at 4.   That the proposed intervenor was limited to reviewing the deposition transcript is not dispositive here, since that was a remedy tailored to the asserted interest in that case—preserving confidentiality.   That result does not discount the possibility that AMERRA could participate in a deposition to protect a different interest for which participation is its only remedy.

If Plaintiffs actually disputed the core premise of AMERRA's Motion—that Plaintiffs are maintaining the New Jersey Action solely to obtain discovery to use against AMERRA in the New York Action—it would have been easy for Plaintiffs to have said so.   But Plaintiffs did not, and their silence should be recognized as a concession that this is ***precisely*** what Plaintiffs are doing.   Pursuing an action solely for such a purpose is not permitted under the law of this Circuit, per *Cipollone,* 113 F.R.D. at 91 (discovery may be used in another proceeding "[s]o long as the initial litigation has not itself been instituted in bad faith for the purpose of obtaining

---

[2]   Plaintiffs cite *Liberty Resources, Inc. v. Philadelphia Housing Authority*, 395 F. Supp. 2d 206, 208 (E.D. Pa. 2005), for the proposition that intervention is inappropriate where the "movant[] [asserts a] confidentiality interest."   Opp'n at 13. That proposition has no bearing on this Motion, as AMERRA has ***not*** asserted a confidentiality interest.

4

documents for other actions")—a case that Plaintiffs do not even attempt to distinguish. On that basis alone, intervention by AMERRA is appropriate.

***Second***, notwithstanding Plaintiffs' hyperbolic statements to the contrary, AMERRA's interests would almost certainly be materially impaired unless it is able to participate in the depositions in this Action. Plaintiffs do not dispute that they have already obtained a $352.5 million default judgment against two of their Defendants—who are incarcerated and apparently unable to pay.[3] Plaintiffs also do not dispute that the remaining Defendants would be unable to satisfy any meaningful judgment as to them, or have already settled. Plaintiffs have likewise already attempted (unsuccessfully) to obtain discovery from AMERRA on two other occasions—following which Plaintiffs then commenced the New York Action against AMERRA in February 2019.

Far from "rank speculation," the ***only*** reasonable inference to be drawn from the fact that Plaintiffs continue to pursue the New Jersey Action is that they are doing so in order to obtain discovery to use against AMERRA in the New York Action. No other explanation makes sense. Moreover, absent AMERRA's direct

---

[3] Peter Johnson Jr.'s attorney recently filed a motion seeking to be relieved as counsel because his client is "unable to pay for any further legal services in this matter." Dkt. 149-2, Backfisch Certification ¶ 3 (May 9, 2019). Accordingly, it is likely that Peter Johnson Jr. will be unrepresented at any deposition in this Action, and ordinary procedural safeguards in a deposition may not be present.

participation in the depositions in this Action to interpose objections, it is likely that Plaintiffs will ask questions of no relevance to this Action, and Defendants' counsel would have little incentive to object to a fishing expedition, and in fact will have an incentive to go along with Plaintiffs in the hope of receiving a favorable settlement.[4]

Plaintiffs' argument that AMERRA can vindicate its interests by re-deposing in the New York Action the Defendants in this Action, blinks reality. If this Action becomes a vehicle to obtain admissions that can be used against AMERRA in another proceeding, significant damage will have been done to AMERRA's ability to receive a fair trial in the New York Action. That bell cannot be unrung.

***Third***, Plaintiffs have not articulated a convincing reason why Defendants' counsel would interpose objections to irrelevant lines of questioning where that questioning might deflect attention from their clients or facilitate a favorable settlement from Plaintiffs. Instead, Plaintiffs cite to cases from the Fed. R. Civ. P. 19 context concerning joinder of required parties. *See, e.g.*, *Pennsylvania v. Thank Finance, Inc.*, 2016 WL 183289, at \*4–7 (E.D. Pa. Jan. 14, 2016) (rejecting

---

[4]   It is worth noting that two of the defendants who have not defaulted (Timothy Johnson and Mary Johnson) recently filed extraordinary responses to AMERRA's Motion to Intervene in which they ***praised*** Plaintiffs for their "bona fide[s]" in pursuing this $360 million suit ***against them***. Dkt. 146, Letter from Tim Johnson's Counsel (May 6, 2019); *see also* Dkt. 147, Letter from Mary Johnson's Counsel (May 6, 2019). It would not be unduly cynical to conclude that these letters were sent to appease Plaintiffs and facilitate an eventual settlement.

argument of a ***current party*** to the litigation that non-party was "indispensable" and should be joined).  But Rule 19 is inapposite to this Motion.  AMERRA does not intend to participate in the merits of Plaintiffs' lawsuit and takes no position on the substance of their claims against Defendants.

Plaintiffs have also implied that AMERRA would seek to "suppress relevant testimony."  Opp'n at 16.  That argument is a red herring.  AMERRA has not suggested that a deponent may refuse to provide testimony simply because her counsel deems it irrelevant.  Moreover, that argument is a non sequitur to whether Defendants' counsel would be motivated to interpose appropriate objections or to seek a protective order in response to ***irrelevant*** questions.

***Fourth***, as to the supposed untimeliness of the Motion, the fact that Plaintiffs intended to use the New Jersey Action as a vehicle for taking deposition discovery on AMERRA in the New York Action only became clear after (i) Plaintiffs commenced the New York Action on February 25, 2019, and (ii) Plaintiffs received permission from this Court to begin taking depositions.  Prior to AMERRA being sued in New York, AMERRA was not in a position to file the instant Motion.  Moreover, had AMERRA acted as Plaintiffs claim AMERRA should have—by commencing a motion to intervene ***two years ago***, *see* Opp'n at 2—doubtless

Plaintiffs would have opposed that motion too, claiming it was premature. Plaintiffs cannot have it both ways.[5]

In any event, the first depositions are not scheduled to occur until approximately three weeks *after* this Motion's return date, *see* Opp'n at 18, which calls into question Plaintiffs' claims of supposed prejudice caused by AMERRA's intervention. Moreover, AMERRA is not proposing to attend these depositions to slow or disrupt them, but rather to protect its "significantly protectable" interests. *Mountain Top*, 72 F.3d at 366 (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)) (internal quotation marks omitted). For these reasons, Plaintiffs cannot defeat AMERRA's showing under Rule 24(a), and the Motion should be granted.

## II.   AMERRA HAS ADEQUATELY SATISFIED THE THRESHOLD FOR PERMISSIVE INTERVENTION

In *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), the Court of Appeals recognized that "the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Id.* at 778; *see also id.* at 777 (holding that such an intervenor also had Article III standing to intervene). As an alternative to AMERRA's argument that it may intervene as of

---

[5]    Plaintiffs cite no authority for their contention that a different "timing analysis" applies in connection with motions to intervene to attend depositions. Opp'n at 18.

8

right, AMERRA has argued that it may intervene on a permissive basis under Rule 24. *See, e.g.*, *Linkous v. Am. Alt. Ins. Corp.*, 2011 WL 4894233, at *1 n.1, *3 (W.D. Va. Oct. 23, 2011) (denying proposed intervenors' Rule 24(a) motion but using its discretion to grant permissive intervention under Rule 24(b)).

Under Rule 24(b), intervention is permitted if the intervening party "has a claim or defense that shares with the main action a common question of law or fact." Consistent with *Pansy*, which permitted intervention, by several newspapers challenging a confidentiality order, AMERRA seeks to intervene to protect its interests through entry of a narrowly tailored protective order that would permit discovery to proceed in this Action under the current schedule, but would also ensure that the depositions are not used to obtain discovery for use against AMERRA in another action—something this Circuit has indicated is not permissible. *See Cipollone*, 113 F.R.D. at 91 (discovery may be used in another proceeding "[s]o long as the initial litigation has not itself been instituted in bad faith for the purpose of obtaining documents for other actions"); *see also Sevier Cty., Utah v. United States*, 2013 WL 2643608, at *5 (D. Utah June 12, 2013) (permitting non-party to intervene for the purpose of attending depositions and interposing appropriate objections), *modified by In re Managed R.S. 2477 Road Cases Litig.*, 2013 WL 12144076, at *2 (D. Utah Dec. 17, 2013) (permitting non-party intervenor to attend depositions and also cross-examine witnesses).

9

Permitting intervention under Rule 24(b) is a proper alternative basis for granting the Motion.

## III.   PLAINTIFFS' ARGUMENTS CONCERNING AMERRA'S PURPORTED PROCEDURAL DEFICIENCIES ARE UNAVAILING

Plaintiffs raise a variety of alleged procedural defects that supposedly bar AMERRA's intervention.  None of these should result in denial of the Motion.

*First*, Plaintiffs suggest the Motion is procedurally defective (Opp'n at 18–19) because it does not include a proposed pleading "that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  Submitting a pleading under the facts of this case would make little sense.  AMERRA is neither seeking to assert claims against, nor seeking to defend against claims made by Plaintiffs or Defendants.  Requiring AMERRA to submit a pleading here would not be justified or informative to any party.

Consistent with this commonsense conclusion, courts in this Circuit have routinely held that any requirement that an intervenor submit a pleading is waived where there is no evidence that "failure to submit a pleading along with [a] motion to intervene caused prejudice to the existing parties."  *Cmty. Vocational Sch. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, 2017 WL 1376298, at *3 (W.D. Pa. Apr. 17, 2017); *see also PPL Energyplus, LLC v. Solomon*, 2011 U.S. Dist. LEXIS 160124, at *11 (D.N.J. July 19, 2011) (determining that "omission [of a pleading] is not fatal … because 'the failure to comply with the Rule 24(c) requirement … is a

10

purely technical defect which does not result in the disregard of any substantial right"); *U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 412 (W.D. Pa. 2006) ("[I]t is also noteworthy that [movant] does not seek to intervene for the purpose of advancing its own claims against an existing party …. Thus, to insist that Applicant accompany its Motion to Intervene with a proper pleading would be to command that [movant] needlessly expend resources.").

Here, Plaintiffs cannot credibly claim they were unaware of the nature of AMERRA's interests in this Action. Indeed, the very fact that Plaintiffs have sought discovery and brought litigation against AMERRA in the New York Action related to the Transmar bankruptcy suggests Plaintiffs know ***exactly*** the interests that AMERRA has in this Action. Under those circumstances, requiring AMERRA to submit a pleading would not be appropriate. *See PPL Energyplus*, 2011 U.S. Dist. LEXIS 160124, at *11 ("Liberal construction of [Rule 24(c)] is especially appropriate when the policy behind Rule 24(c) of providing notice to the existing parties of the basis and nature of the intervener's claim has been satisfied.") (quoting *Pereira v. Foot Locker, Inc.*, 2009 WL 4673865, at *5 (E.D. Pa. Dec. 7, 2009)) (internal quotation marks omitted).[6]

---

[6]   To the extent this Court considers a pleading necessary prior to granting the Motion, AMERRA will provide one.

11

**Second**, Plaintiffs' argument that AMERRA waived its right to pursue discretionary intervention pursuant to Rule 24(b) since that specific portion of the Rule was only cited in a footnote must also fail.   The idea that subpart (b) of Rule 24 is, somehow, not before this Court, despite AMERRA discussing its right to intervene pursuant to Rule 24 at length throughout its moving papers, is untenable. This is not a situation where a new cause of action or new facts have been relegated to a footnote as Plaintiffs suggest.  *See* Opp'n at 19 (citing *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070 (3d Cir 1997)).   Rather, the footnote at issue merely points out that this Court has the discretion to partially grant the relief sought, under Rule 24, even if it determines that AMERRA cannot intervene as a right.  *See Hudson Marine Mgmt. Servs. v. Thomas Miller (Miami) Inc.*, 2006 U.S. Dist. LEXIS 47900, at *11 n.2 (D.N.J. July 16, 2006) (finding that argument appearing solely in footnote was not waived).   Here, however, Plaintiffs have joined issue on this argument, *see* Opp'n at 20, and cannot claim any prejudice for how it was raised.

**Third**, Plaintiffs claim that AMERRA lacks Article III standing, citing *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017), in which the Supreme Court held that "an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing." *Id.* at 1651.  Notably, the Court did not hold that Article III standing was lacking in that case—it held only that the Court of Appeals had failed to decide, in the first

instance, that the would-be intervenor had Article III standing. *See id.* at 1651–52.

Moreover, by remanding instead of dismissing the case, the Court held the ***opposite***

of what Plaintiffs are arguing, as the Supreme Court in effect concluded that Article

III standing ***could*** potentially be available to the intervenor in that case. *See id.*  In

any event, the Third Circuit has already affirmatively answered the question of

whether an intervenor seeking to affect a protective order has Article III standing.

*See, e.g.*, *Pansy*, 23 F.3d at 777.

AMERRA's interest in intervening is to protect its rights from being

prejudiced by deposition discovery obtained in a proceeding being maintained for

the sole purpose of obtaining compulsory discovery to be used against AMERRA in

another proceeding.  Even under the test cited by Plaintiffs from *Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555 (1992), *see* Opp'n at 20, AMERRA's Motion easily meets

Article III's standing requirements, given that AMERRA has demonstrated (i) a

concrete and particularized injury (*i.e.*, if biased discovery is obtained to use against

AMERRA in another proceeding); (ii) a causal connection between the injury and

the conduct complained of (*i.e.*, Plaintiffs' plan to pursue non-reciprocal discovery

in the New Jersey Action will prejudice AMERRA in the New York Action); and

(iii) that the injury is redressable by a favorable decision (*i.e.*, if AMERRA's

proposed protective order is granted, AMERRA's interests in the New York Action

will be protected).  AMERRA has established Article III standing.

## IV.   THE ATTACKS ON AMERRA'S COUNSEL ARE MERITLESS

Plaintiffs' Opposition at the end veers into criticisms of AMERRA's counsel.
AMERRA's counsel responds briefly to ensure an accurate record.  As an initial
matter, AMERRA *agrees* that discovery will proceed under the Preliminary
Conference Order entered on April 15, 2019 in the New York Action, which will
presumably include depositions of at least *some* of the Defendants in the New Jersey
Action.  That AMERRA consented to this discovery schedule is proof that it is not
afraid of Defendants in this Action being deposed; AMERRA simply wants to ensure
that procedural safeguards are in place to avoid unfair prejudice to AMERRA.

Plaintiffs also argue that "AMERRA tactically timed its motion to file it as
late as possible—and be as disruptive as possible."  This is both untrue and makes
no sense.  The below-listed counsel were retained only *after* Plaintiffs filed their
complaint in the New York Action on February 25, 2019, and AMERRA filed the
instant Motion upon learning that Plaintiffs intended to depose Defendants in ***this***
Action.  As AMERRA was unaware of the precise timetable for taking individual
depositions, delaying the filing of this Motion would have only increased the
likelihood of a deposition being taken in this Action without entry of a protective
order.  Such a "strategy" would have been self-defeating for AMERRA.

Finally, Plaintiffs imply sharp tactics by AMERRA's counsel because the
Motion was filed the day prior to religious holidays.  As noted above, AMERRA's

14

counsel filed its Motion as soon as it was ready to be filed, and there was no possible strategic benefit to delaying the Motion.  Once the Motion was filed, AMERRA's counsel contacted Plaintiffs' counsel that day to request that they merely *refrain* from taking depositions until the Motion had been adjudicated.  *See* Ex. 1.  The *only* response requested for the following day was confirmation that Plaintiffs would not take depositions and thereby prejudice AMERRA before the Motion was resolved.  Plaintiffs' counsel *never* responded to AMERRA's April 18 letter.  It was not until AMERRA's counsel called Plaintiffs' counsel mid-day the following Monday, after the religious holidays had concluded, that AMERRA received assurance that Plaintiffs would refrain from taking depositions until they had responded to AMERRA's initial April 18 letter (which they still have never responded to).  *See* Ex. 2.  At no point did AMERRA ever seek interim relief.[7]

## CONCLUSION

For the foregoing reasons, and the reasons stated in its opening brief, AMERRA respectfully requests that this Court grant its Motion for the limited purpose of permitting AMERRA to attend depositions in this Action and to ensure that depositions are limited to the claims and defenses in this Action.

---

[7]   Because AMERRA filed the Motion on April 18, rather than April 26, Plaintiffs received an *additional eight days* to respond.

Date: May 13, 2019
      Morristown, New Jersey

Respectfully Submitted,

By: */s/ Timothy I. Duffy*
    Timothy I. Duffy, Esq.
    COUGHLIN DUFFY, LLP
    350 Mount Kemble Avenue
    P.O. Box 1917
    Morristown, NJ 07962
    Telephone: 973-631-6002
    E-mail: tduffy@coughlinduffy.com

    Jordan Goldstein (*pro hac vice*
    motion pending)
    Faith Gay (*pro hac vice* motion
    pending)
    David Elsberg (*pro hac vice* motion
    pending)
    SELENDY & GAY, PLLC
    1290 Avenue of the Americas
    New York, NY 10104
    Telephone: 212-390-9000
    E-mail:
    jgoldstein@selendygay.com
    fgay@selendygay.com
    delsberg@selendygay.com

    *Attorneys for Non-Parties*
    *AMERRA Capital Management,*
    *LLC; AMERRA Latin America*
    *Finance, LLC; AMERRA Agri*
    *Advantage Fund, LP; AMERRA*
    *Agri Advantage Fund, LP;*
    *AMERRA Agri Opportunity Fund,*
    *LP; AMERRA Agri Offshore*
    *Master Fund II, L.P.; AMERRA*
    *Multi Strategy Fund, LP; AMERRA*
    *Agri Fund II; and Nancy Obler*

16

## **<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on May 13, 2019, I electronically filed the foregoing Reply Memorandum of Law in Further Support of AMERRA's Motion with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

Dated: May 13, 2019                    Respectfully submitted,
         Morristown, New Jersey

                  By:   */s/ Timothy I. Duffy*
                        Timothy I. Duffy
                        COUGHLIN DUFFY LLP
                        350 Mount Kemble Avenue
                        P.O. Box 1917
                        Morristown, NJ 07962
                        Telephone: 973-631-6002
                        E-mail: tduffy@coughlinduffy.com

                        *Attorneys for Non-Parties AMERRA*
                        *Capital Management, LLC; AMERRA*
                        *Latin America Finance, LLC; AMERRA*
                        *Agri Advantage Fund, LP; AMERRA Agri*
                        *Advantage Fund, LP; AMERRA Agri*
                        *Opportunity Fund, LP; AMERRA Agri*
                        *Offshore Master Fund II, L.P.; AMERRA*
                        *Multi Strategy Fund, LP; AMERRA Agri*
                        *Fund II; and Nancy Obler*